UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PRANIT NARAYAN PAWAR,<br>Defendant. | CASE NO. 2:26-cr-00130-LK<br>ORDER CONTINUING TRIAL |

This matter comes before the Court on the Government's Motion to Continue Trial Date under the Speedy Trial Act. Dkt. No. 24. Defendant Pranit Narayan Pawar opposes the motion. Dkt. No. 28. For the reasons stated below, the motion is granted in part and denied in part.

Mr. Pawar, who is a citizen of India, Dkt. No. 10 at 2, was indicted on July 15, 2026 for two counts of abusive sexual contact in violation of 18 U.S.C. §§ 7, 2244(b). Dkt. No. 13. He was ordered detained pending trial on the Government's motion based on risk of flight. Dkt. Nos. 11–12, 15. At his arraignment, Mr. Pawar pleaded not guilty to all charges. Dkt. No. 18. A jury trial was scheduled for September 21, 2026 before Judge John Chun. *Id.* Pretrial motions were initially

due by August 13, 2026, *id.*; the deadline was continued to August 20, 2026 at the parties' stipulated request. Dkt. Nos. 21–22.

On August 19, 2026, the Government moved to continue the trial date "based upon the unavailability of an essential witness." Dkt. No. 24 at 1. The Government reports that Victim 1 is "scheduled to be out of the country from September 12, 2026, to September 25, 2026" but is "available to testify the week of September 28, 2026, or October 5, 2026." *Id.* at 2–3. The Government is also "considering obtaining an expert witness" for the case, and the expert "currently most desired" by the Government "is not currently available for the September 28 [sic], 2026, trial date due to other professional work obligations." *Id.* at 2. The Government contends that Victim 1 is an "essential witness" who should be considered "unavailable" under the Speedy Trial Act, and that, considering the days elapsed while pretrial motions were pending, the "new Speedy Trial deadline for these counts as of filing this motion is October 5, 2026" rather than the original 70-day deadline of September 23, 2026. *Id.* at 3–4. The Government requests a new trial date of October 5, 2026. *Id.* at 4.

Mr. Pawar opposes the motion to continue. Dkt. No. 28. He argues that the Government has failed to show good cause for the extension because (1) the motion is "factually insufficient" because it does not include the declaration required by Local Rule of Criminal Procedure 12 and lacks details on both the traveling witness and the expert witness; (2) the traveling witness's "attendance can be secured by issuing her a subpoena, which the government apparently has not yet done"; and (3) the continuance would prejudice Mr. Pawar because shifting the trial date "less than a month before trial to accommodate a government witness's vacation creates a risk that defense witnesses may be unavailable to testify or that defense counsel may fail to secure their presence a trial." *Id.* at 1–2. Mr. Pawar raises other timing concerns: the defense investigator "has postponed necessary out-of-state travel to assist a family member with significant health issues so

he can accommodate the current trial date," and a later trial date would likely cause his travel costs to increase; and the paralegal assigned to the case, who cannot be easily replaced, is leaving the country on October 9, 2026. *Id.* at 2–3. If the Court is inclined to grant the continuance, Mr. Pawar requests a continuance of no more than one week, because "the shorter the continuance, the less disruptive it will be to the defense preparations." *Id.* at 4.

On August 27, 2026, Judge Chun conducted a hearing on the Government's motion to continue. Dkt. No. 30. The same day, the case was reassigned to the undersigned, Judge Lauren King.

Mr. Pawar is correct that the Government's motion is deficient because it does not include the declaration required by Local Rule of Criminal Procedure 12(a) to support the factual assertions in the motion. Dkt. No. 28 at 1. He is also correct that the Government does not provide sufficient information regarding the unavailability of its potential expert witness for the Court to evaluate whether an expert is truly unavailable. *Id.*[1] Therefore, the Court disregards the Government's assertions regarding the potential expert. However, it is undisputed that Victim 1 is an essential witness. Dkt. No. 13 at 1–2 (count 1 of the indictment premised entirely on alleged abusive sexual contact of Victim 1). Even assuming without deciding that she is not "unavailable" within the meaning of 18 U.S.C. § 3161(h)(3)(B) (and the Court find that she *is* unavailable[2]), the

[1] For example, it is unclear whether the expert is unavailable on the week of September 21, 2026, since the Government's motion states only that the expert is "not currently available for . . . September 28, 2026[.]" Dkt. No. 24 at 2. Additionally, while the Government describes this expert as "desired," it does not indicate that it will be without any expert whatsoever if the trial proceeds as scheduled. *See generally* Dkt. No. 24.

[2] A witness is "unavailable" where "his whereabouts are known but his presence for trial cannot be obtained by due diligence[.]" 18 U.S.C. § 3161(h)(3)(B). "'Due diligence' requires merely 'reasonable efforts,' not 'maximum feasible diligence.'" *United States v. Saeku*, 436 F. App'x 154, 161 (4th Cir. 2011) (quoting *United States v. Patterson,* 277 F.3d 709, 711–12 (4th Cir. 2002)). "The unavailability bar is not a high one," *id.*, and here, it is undisputed that Victim 1 is out of the country on a long-planned trip. *See id.* (finding bar met where two witnesses were "scheduled to be out of the area," and "the record provide[d] no basis for upsetting the court's implicit determination that it would have been unreasonable to compel them to return for trial as scheduled"); *United States v. Meyer*, 803 F.2d 246, 247–48 (6th Cir. 1986) (essential witness's pre-paid, non-refundable honeymoon trip met the standard for unavailability under 18 U.S.C. § 3161(h)(3)); *United States v. James*, No. 18-CR-216 (SRN/HB), 2019 WL 644829, at *1 (D. Minn. Feb.

ends of justice served by granting a short continuance of two days to ensure her presence at trial under the circumstances here (albeit perhaps on day four of the trial) outweigh the best interests of the public and Mr. Pawar in any speedier trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Failure to grant such a continuance would be likely to result in a miscarriage of justice by depriving the Government of the time needed to ensure this essential witness's presence at trial. 18 U.S.C. § 3161(h)(7)(B)(i). In addition, Mr. Pawar does not dispute the Government's calculation that the current Speedy Trial Act deadline is October 5, 2026, *see* Dkt. No. 24 at 4, and represents that a short continuance will be "less disruptive" than the longer one requested by the Government, such that this two-day continuance will not unreasonably deny Mr. Pawar continuity of counsel or otherwise prejudice him. 18 U.S.C. § 3161(h)(7)(B)(iv); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972). Finally, the length of the delay is minimal, and there is no indication that the Government has not diligently pursued Victim 1's presence at trial. *Barker*, 407 U.S. at 530.

For these reasons, the Court GRANTS IN PART and DENIES IN PART the Government's motion and ORDERS that trial in this matter shall be continued to September 23, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Pawar's trial must commence under the Speedy Trial Act. A pretrial conference will be held at 10:00 a.m. on September 14, 2026. The pretrial motions deadline expired on August 20, 2026.

The Court expects the parties to work together cooperatively to make efficient use of trial time, including but not limited to taking witnesses out of order (including any witnesses the defense plans to present in its case-in-chief) and scheduling a Daubert hearing (if any expert testimony is anticipated) at a time that will minimally inconvenience the jury (e.g., at the start or end of a trial

---

15, 2019) (witness's long planned out-of-state trip to celebrate his daughter's sixteenth birthday met the standard for unavailability).

day). To the extent either party requires a recess due to issues with witness availability, the Court will entertain such a motion at the time of trial.

Dated this 28th day of August, 2026.

Lauren King
United States District Judge